## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**LEE ROY JENKINS (#73024)**                     **CIVIL ACTION NO.**

**VERSUS**                                                    **16-217-JWD-EWD**

**DARRELL VANNOY, WARDEN**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 8, 2019 .

                                           **ERIN WILDER-DOOMES**
                                           **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEE ROY JENKINS (#73024)                               CIVIL ACTION NO.

VERSUS                                                 16-217-JWD-EWD

DARRELL VANNOY, WARDEN

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the application of Petitioner Lee Roy Jenkins ("Petitioner" or "Jenkins") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] As Petitioner has received the relief he requests in his application in state court, this Court no longer has subject matter jurisdiction and Petitioner's application should be denied as moot. There is no need for oral argument or for an evidentiary hearing.

### I.  Factual Background

On March 1, 1972, 15-year old Lee Roy Jenkins was sentenced to life without the possibility of parole for the murder of Edward Trask. In light of the United States Supreme Court decisions in *Miller v. Alabama*[2] and *Montgomery v. Louisiana,*[3] Petitioner filed the instant petition challenging the constitutionality of his life sentence without the possibility of parole on April 7, 2016.[4] On May 12, 2016, this Court transferred the case to the United States Fifth Circuit Court of Appeal for authorization to consider Petitioner's successive claim.[5] The Fifth Circuit issued a mandate on June 23, 2016 authorizing Petitioner's successive habeas application and instructing

---

[1] R. Doc. 1.
[2] 567 U.S. 460 (2012).
[3] 136 S.Ct. 718 (2016).
[4] The Fifth Circuit Court of Appeal granted Petitioner's motion for a successive petition on 06/24/2016.  R. Doc. 5.
[5] R. Doc. 4.

this Court to consider whether Petitioner's application was untimely or procedurally barred prior to reaching the merits of his claim.[6]

At the time Petitioner filed his habeas petition on April 7, 2016, he had filed a motion with the 20th Judicial District Court for the Parish of East Feliciana challenging his sentence under *Montgomery*,[7] but the district court had not yet ruled on the motion. The district court denied Petitioner's motion on April 28, 2016.[8] Petitioner then sought a writ with the First Circuit Court of Appeal, which was denied on December 14, 2016.[9] The Louisiana Supreme Court granted Petitioner's writ application on August 31, 2018, stating:

> Writ granted. Relator pleaded guilty to murder in 1972 and was sentenced to imprisonment at hard labor for the balance of his natural life. At that time, the crime of murder was not differentiated into degrees. In *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile homicide offenders, finding instead that the sentencing court must first hold a hearing to consider mitigating factors, such as a defendant's youth and attendant characteristics, before imposing this severe penalty. In *Montgomery v. Louisiana*, 577 U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), the United States Supreme Court further stated,
>
>> Giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them.
>
> *Montgomery*, 577 U.S. at ——, 136 S.Ct. at 736. Relator here seeks a *Miller* hearing. However, none is necessary because a provision of law exists remedying any *Miller* violation by providing for relator's

---

[6] R. Doc. 5.
[7] The Court does not have the entire state court record, however, the attachments to Respondent's brief, R. Doc. 14-3, show the Petitioner filed a "Motion to Correct an Illegal Sentence" on March 24, 2016.
[8] R. Doc. 14-3.
[9] R. Doc. 14-3, p. 36.

parole eligibility.

Louisiana Revised Statute 15:574.4(D)(1) provides:

> Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1), shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met ....

Relator is a person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense. Therefore, he shall be eligible for parole consideration pursuant to the provisions of the subsection (when all of the conditions enumerated in that subsection are met). The exception for a person convicted of first or second degree murder does not apply to him because he pleaded guilty to murder before the legislature in 1973 divided the crime of murder in Louisiana into separate offenses of first and second degree murder.

Therefore, we grant relator's writ application to direct the Department of Corrections to revise relator's prison master record to reflect that his sentence is not without benefit of parole. Further, the Department is directed to revise relator's prison master record according to the criteria in La.R.S. 15:574.4(D)(1) to reflect an eligibility date for consideration by the committee on parole pursuant to La.R.S. 15:574.4(D)(2), (3).[10]

## II.  Law and Argument

Mootness is a threshold jurisdictional issue.[11] "Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants."[12] "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" [13] Article III denies the

---

[10] *State ex rel. Jenkins v. State*, No. 2017-0302 (La. 8/31/18), 252 So.3d 476.
[11] *St. Paul Fire & Marine Ins. Co. v. Barry*, 438 U.S. 531, 537 (1978).
[12] *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).
[13] *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (citation omitted).

3

federal courts authority to decide "questions that cannot affect the rights of the litigants in the case before them."[14] When the issues presented are no longer 'live' or when the parties lack a legally cognizable interest in the outcome, a case is moot.[15]

Petitioner's habeas application seeks resentencing with parole eligibility.[16] As Petitioner has already received the relief requested in his habeas petition from the Louisiana Supreme Court, this Court lacks jurisdiction over the habeas application.[17] When the Fifth Circuit issued its mandate on June 23, 2016 instructing this court to consider whether Petitioner's application was untimely or procedurally barred prior to reaching the merits of his claim, Petitioner's habeas application was not moot because the Louisiana Supreme Court had not yet acted on Petitioner's request to be resentenced. Because this Court now lacks jurisdiction over Petitioner's mooted habeas application, the issues of timeliness or procedural default should not be addressed.

## Certificate of Appealability

If Petitioner seeks an appeal, a certificate of appealability should be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[18] Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[19] A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[20] In cases where the Court has rejected

---

[14] *North Carolina v. Rice,* 404 U.S. 244, 246 (1971).
[15] *Powell v. McCormack,* 395 U.S. 486, 496 (1969).
[16] *See* R. Doc. 1, p. 32 ("Considering the ruling rendered by the United States Supreme Court in *Montgomery v. Louisiana*, 2016 WL 280758, 577 U.S. ___ (2016), Petitioner's sentence must be vacated and Petitioner re-sentenced with parole eligibility.").
[17] *See Stewart v. Vannoy*, No. 16-30635, 2017 WL 8159200 (5th Cir. 2017) citing *Fulcher v. Greer*, 119 Fed.Appx. 688, 689 (5th Cir. 2005).
[18] 28 U.S.C. § 2253(c)(1)(A).
[19] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[20] 28 U.S.C. § 2253(c)(2).

4

a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[21] In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

### III. Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief be **DENIED** as **MOOT** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on August 8, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).